IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CV-386-BO

| | |
|---|---|
| YOLANDA S. SPRUILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case is before the Court on the parties' Motions for Judgment on the Pleadings. For the reasons set forth below, Defendant's Motion is GRANTED, and Plaintiff's Motion is DENIED. The decision below is AFFIRMED.

## BACKGROUND

Plaintiff applied for Social Security Income in 2003, claiming that depression, dizziness, diabetes and blood pressure had together rendered her disabled from August 1, 1999. The Commissioner of Social Security denied her application and request for reconsideration.

Plaintiff then timely requested and received a hearing before an Administrative Law Judge ("ALJ"). At the hearing, the ALJ heard testimony from Plaintiff, a medical expert ("ME") and a vocational expert ("VE"). Plaintiff testified to the disabling effects of her impairments. She said she obeys her instructions from her doctors, but that her diabetes has never fully been under control. Plaintiff acknowledged missing medical appointments, and not always taking prescribed medications. She said bad weather and transportation problems had prevented her

from meeting her appointments. Plaintiff further testified that she could not afford the medicines her doctors prescribed.

The ME testified that Plaintiff suffered from high blood pressure and diabetes. The ME characterized Plaintiff's intellectual functioning as "borderline," given Plaintiff's IQ score of 75. According to the ME, non-compliance with prescribed diabetes treatments is the critical issue in Plaintiff's case. In the ME's view, Plaintiff's conditions did not meet or equal a listing, and Plaintiff could perform sedentary work consisting of simple, routine repetitive tasks.

The ALJ's written decision denied benefits. The Appeals Council denied review, and this action followed. Both parties then moved for judgment on the pleadings. A hearing was held in Edenton, North Carolina on May 30, 2007.

## DISCUSSION

The scope of judicial review of a final decision regarding disability benefits under the Social Security Act is limited to determining whether the findings of the Administrative Law Judge are supported by substantial evidence and whether the correct law was applied. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (citations omitted).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment, which significantly limits his or her physical

2

or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. *Id.* Fifth, if a claimant cannot do past relevant work, he or she is disabled if an impairment prevents the claimant from doing other work. *Id.*

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her date of onset. At step two the ALJ found that Plaintiff suffered from severe diabetes, hypertension, depression, obesity, headaches, and borderline intellectual functioning, and that these impairments did not meet or equal a listing. The ALJ then determined that Plaintiff possessed the residual functional capacity ("RFC") for sedentary work limited to simple, routine, repetitive tasks, and that Plaintiff could not do any past relevant work. Based on a hypothetical question to the VE, the ALJ then determined that work in the national economy remained available for a person of Plaintiff's age, work background, experience, and RFC. The ALJ consequently found Plaintiff not to be disabled and denied benefits.

On appeal, Plaintiff says the ALJ's decision is unsupported by substantial evidence because the ALJ: (1) relied too heavily upon the ME's opinion; (2) improperly discredited Plaintiff's testimony; and (3) erroneously calculated Plaintiff's RFC at the sedentary level.[1]

Plaintiff first argues that the ME's opinion was invalid, in that it did not account for

---

[1] Plaintiff's brief outlines two other arguments which it never develops – namely that the ALJ failed to consider the combined effect of Plaintiff's impairments and discounted a treating physician's opinion. As Plaintiff offers no support for either contention, the Court deems both to be abandoned.

3

Plaintiff's limited financial resources as the reason for her inability to comply with her doctors' instructions. The purpose of ME's testimony was to help the ALJ understand Plaintiff's impairments, and accordingly to calibrate her capacity for work; the ME was not required to determine the true cause of Plaintiffs' non-compliance. Because it required a credibility determination, resolution of that issue fell squarely on the ALJ. SSR 96-7p (explaining process by which ALJ evaluates credibility of claimant's testimony); *Ellison v. Barnhart*, 355 F.3d 1272, 1275 ("[t]he *ALJ* is required to determine whether the claimant was able to afford the prescribed treatment") (emphasis added).

Plaintiff naturally also challenges the ALJ's credibility determinations. Specifically, Plaintiff says the evidence supported her explanation for her non-compliance, as well as her testimony about the severity of her impairments. On the first point, documents in the record implied that Plaintiff's finances did not preclude her from complying with prescribed treatments. The financial burden imposed by her regime was minimal: Plaintiff acknowledged that she receives Medicaid, and that under the program, her doctor and pharmacy co-payments are limited to three dollars each. Moreover, notes from her hospital admission also show that Plaintiff knew how to administer her own insulin, as well as how to use a home glucometer to measure her blood sugar levels. One doctor recounted that Plaintiff checked her blood sugar only occasionally; another observed that Plaintiff had not been reliably monitoring her blood sugar levels. Substantial evidence, including Plaintiff's testimony, thus underlay the ALJ's decision to discredit Plaintiff's compliance testimony.

Substantial evidence similarly established that Plaintiff's impairments did not diminish her work capacity to the degree suggested by her testimony. Treatment notes showed that

4

Plaintiff's hypertension was controlled well by medication. Plaintiff likewise testified that she walks 2 to 3 days a week for 30 minutes at a time, goes shopping twice a month, and watches her son play outside. And most critically, Plaintiff's doctors had advised her that improvement in her physical condition depended largely upon reducing her blood sugar levels, and more effectively managing her diabetes. In light of the forgoing, the ALJ could validly discount Plaintiff's testimony, both about her non-compliance and the severity of her impairments.

Next, Plaintiff says the ALJ took an exceedingly permissive view of Plaintiff's RFC. The ME testified that Plaintiff could work at a sedentary level, provided that her responsibilities were limited to simple, routine, repetitive tasks. The ME's conclusion comported with that of a state psychologist, who thought Plaintiff could perform simple, repetitive work. Also, as discussed above, Plaintiff testified to her ability to engage in modest physical activity. Substantial evidence thus supports the ALJ's functional capacity determination.

Plaintiff lastly argues that the hypothetical question to the VE was premised upon an improper RFC calculation. As discussed above, the ALJ correctly concluded that Plaintiff could perform sedentary work. The ALJ therefore committed no error in including the RFC in his hypothetical question to the VE.

## CONCLUSION

The Government's Motion is GRANTED, and the Plaintiff's Motion is DENIED. The decision below is AFFIRMED.

SO ORDERED, this __1__ day of ~~July~~ August, 2007.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5